E-FILED
Tuesday, 23 November, 2004  02:19:02 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ROB L. O'NEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 04-CV-__04-2263__ |
| | ) |
| GUARDIAN WEST DIVISION OF | ) |
| FLEX-N-GATE CORP., | ) |
| | ) |
| Defendant. | ) |

FILED
NOV 23 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

**COMPLAINT WITH JURY DEMAND**

Now comes Plaintiff ROB L. O'NEAL, by DAVID STEVENS of HELLER, HOLMES & ASSOCIATES, P.C., his attorneys, and for his Complaint With Jury Demand against Defendant GUARDIAN WEST DIVISION OF FLEX-N-GATE CORP. alleges as follows:

1. At all relevant times Plaintiff was a citizen of Champaign County, Illinois.

2. At all relevant times Defendant was a corporation doing business in Champaign County, Illinois.

3. At all relevant times Defendant was Plaintiff's employer.

4. At all relevant times Defendant employed more than 50 persons.

5. All of the actions referred to herein took place in Champaign County, Illinois.

6. On or about August 4, 2003, Plaintiff filed his Charge of Discrimination No. 2004CF0281 with the Illinois Department of Human Rights, also known as Charge No. 21BA302906 with the EEOC, alleging discrimination in the terms and conditions of employment in June and July, 2003. A true and accurate copy of the Charge of Discrimination is attached hereto and incorporated herein by reference.

7. Said Charge of Discrimination was timely filed.

8. On October 30, 2004, the EEOC issued its Notice of Right to Sue to Plaintiff, allowing him 90 days from receipt of the Notice for him to file a complaint in federal court if he wished to do so. A true and accurate copy of the Notice of Right to Sue is attached hereto as Exhibit B and incorporated herein by reference.

9. The present Complaint With Jury Demand is filed within the 90 days following Plaintiff's receipt of the Notice of Right to Sue.

10. Defendant hired Plaintiff on or about August 23, 1999, as a first shift Paint Supervisor.

11. Throughout his employment with Defendant, Plaintiff performed his assigned duties in an acceptable manner consistent with Defendant's standards.

12. On or about June 17, 2003, Plaintiff received a positive performance evaluation from his supervisors.

13. In or around the last week of May or the first week of June, 2003, Plaintiff opposed unlawful discrimination in that he reported to Susan Linville, Defendant's Human Resources Manager, and Mel Kent, Defendant's Corporate Director of Human Resources, that Bob Kern, Defendant's Plant Manager, made a racially derogatory comment.

14. From June, 2003, through July 29, 2003, Defendant harassed Plaintiff in retaliation for opposing unlawful discrimination, in that:

    (a) During the first week of June, 2003, Bob Kern told Plaintiff, "If I go down, you're going down with me."

    (b) During the first week of June, 2003, Bob Kern, in reference to Plaintiff, told the new Plant Manager, "You're going to have to put up with these lying motherfuckers."

    (c) After Plaintiff reported Bob Kern's racially derogatory comments to Defendant, Bob Kern would appear on the paint floor, staring at

       Plaintiff with his arms crossed.

  (d)  In June, 2003, Bob Kerns told Plaintiff's supervisor, in reference to Plaintiff, "Tell pussy boy it ain't over yet."

  (e)  From June, 2003, through July 29, 2003, Bob Kern referred to Plaintiff before other employees and to Plaintiff himself as "pussy boy."

15. Said conduct created a hostile, intimidating, and/or offensive work environment for Plaintiff that substantially interfered with Plaintiff's ability to perform his job.

16. Defendant denies Plaintiff was harassed.

17. Defendant's denial is a mere pretext for unlawful discrimination.

18. Defendant's harassed Plaintiff in retaliation for opposing unlawful discrimination.

19. On or about July 17, 2003, Plaintiff further opposed unlawful discrimination in that he reported to Defendant that Bob Kern was calling him "pussy boy."

20. On July 29, 2003, Defendant fired Plaintiff.

21. Defendant's stated reason for firing Plaintiff is for poor performance in that Plaintiff permitted contaminated parts to go through the assembly line, permitted the paint line to shut down for one hour and ten minutes, and told Defendant, "I give up," "You can fire me," and "I can't handle this anymore."

22. Defendant's stated reasons for firing Plaintiff is mere pretext for unlawful discrimination.

23. Plaintiff denies telling Defendant, "I give up," "You can fire me," and "I can't handle this anymore."

24. On or about July 28, 2003, Plaintiff reported to Defendant that other shifts had reworked parts with scrap parts, causing a slow-down in the paint line.

25. The Plaintiff did not receive any progressive discipline prior to being fired.

26. That supervisor Robert Ballard received progressive discipline prior to his discharge for poor performance.

27. That Defendant fired Plaintiff in retaliation for opposing unlawful discrimination.

28. There is in effect, and there was in effect in June and July, 2003, a statute known as Title VII of the Civil Rights Act of 1964, 42 U.S.C., Sect. 2000e *et seq.*

29. Said Title VII of the Civil Rights Act of 1964 prohibits discrimination in the terms and conditions of employment, including harassment, of employees who, among other things, oppose unlawful discrimination.

30. Defendant's actions violated Title VII of the Civil Rights Act of 1964, entitling Plaintiff to remedies as described in the Act.

31. As a direct and proximate result of Defendant's above-stated actions, Plaintiff has been and is now being deprived of income in the form of wages and of prospective retirement benefits due him solely because he opposed unlawful discrimination, in an amount to be proven at trial.

32. As a further direct and proximate result of Defendant's above-stated actions, Plaintiff is now suffering and will continue to suffer irreparable harm and injury from Defendant's policies, practices, customs, and usages as set forth herein.

33. As a further direct and proximate result of Defendant's discriminatory and wrongful acts as set forth, Plaintiff has suffered emotional distress, humiliation, embarrassment, and mental anguish.

34. Defendant has at all times been acting with malice toward Plaintiff and with conscious disregard of Plaintiff's rights.

WHEREFORE, Plaintiff ROB L. O'NEAL prays this Court to do the following:

(A)  Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sect. 2000e *et seq.* (Supp. II, 1972);

(B)  Issue an injunction ordering Plaintiff to be reinstated during the pendency of this action and after hearing issue an order of permanent reinstatement;

(C)  Order Defendant to make whole Plaintiff who has been adversely affected by the policies and practices described herein by providing appropriate back pay and reimbursement for lost pension, social security, experience, training opportunities, and other benefits in an amount to be shown at trial, and other affirmative relief;

(D)  Retain jurisdiction over this matter to assure full compliance with the orders of this Court and with applicable law and require Defendant to file such reports as the Court deems necessary to evaluate compliance;

(E)  Grant Plaintiff his attorney fees, costs, and disbursements;

(F)  Award Plaintiff compensatory and punitive damages; and

(G)  Award Plaintiff such other and further relief to which he may be entitled and which this Court deems just and fair.

ROB L. O'NEAL, Plaintiff

By: _/s/ David Stover_
Of Heller, Holmes & Associates, P.C.
His Attorneys

### JURY DEMAND

Plaintiff ROB L. O'NEAL hereby demands trial by jury insofar as his claims may be heard by a jury.

ROB L. O'NEAL, Plaintiff

By: _____
Of Heller, Holmes & Associates, P.C.
His Attorneys

DAVID STEVENS
HELLER, HOLMES & ASSOCIATES, P.C.
1101 Broadway, P.O. Box 889
Mattoon, IL 61938-0889
Telephone: (217) 235-2700
Fax: (217) 235-0743
E-Mail: DavidStevens@HHLawOff.com

| JS 44 | CIVIL COVER SHEET |
|---|---|

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
Rob L. O'Neal

**DEFENDANTS** 04-2263
Guardian West Division of Flex-N-Gate Corp.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Allen County, Indiana
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
David Stevens of Heller, Holmes & Associates, P.C.
1101 Broadway Ave., PO Box 889
Mattoon, IL 61938-0889
Telephone: 217-235-2700

**ATTORNEYS (IF KNOWN)**
Patrick A. Murphy
Miller, Hall & Trigg
416 Main Street, Suite 1125
Peoria, IL 61602-1161

**II. BASIS OF JURISDICTION** (PLACE AN × IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
42 U.S.C. Sect. 2000e et.seq., Violation of Title VII of the Civil Rights Act of 1964.

FILED NOV 23 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**V. NATURE OF SUIT** (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

**VI. ORIGIN** (PLACE AN × IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
**DEMAND $** _____
Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): NONE
JUDGE _____ DOCKET NUMBER _____

DATE: 11/22/2004
SIGNATURE OF ATTORNEY OF RECORD: David Stevens, Heller, Holmes & Associates, P.C.
1101 Broadway, PO Box 889, Mattoon, IL 61938
217-235-2700

UNITED STATES DISTRICT COURT